UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GEORGE MOSES COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-204 TS |
| | ) | |
| SUPERINTENDENT MIAMI CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

George Moses Cole, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his criminal conviction of July 29, 1963, in the Hamilton Circuit Court, which imposed a life sentence in cause number 29C01-6212-CF-8394. His attached second petition for post-conviction relief states that he pleaded guilty and did not appeal. (DE 1-2 at 4.) It states that he filed a first post-conviction relief petition that was denied on April 2, 1971. (DE 1-2 at 4.) His attached petition for permission to file a successive petition for post-conviction relief states that he did not appeal the denial of the first post-conviction relief petition. (DE 1-2 at 2.) These documents also indicate that he escaped on April 2, 1971, and was recaptured and returned to prison on April 13, 2001. (DE 1-2 at 4.) Cole filed a subsequent petition for post-conviction relief on September 20, 2001, that was denied because he did not have leave to file a subsequent petition. (DE 1-2 at 4.) Cole now argues that he is innocent, but this habeas corpus petition is untimely.

Habeas corpus petitions are subject to a one year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1) provides four possible dates from which the 1-year period of limitation can run. Cole has not identified any factual or legal basis on which it could be inferred that the state prevented him from filing a timely application for a writ of habeas corpus pursuant to subparagraph B. He also has not asserted a newly recognized constitutional right pursuant to subparagraph C, and he has not presented claims based on newly discovered evidence pursuant to subparagraph D. Therefore, the 1-year period of limitation ran from the date on which the judgment became final at the expiration of the time for seeking direct review pursuant to subparagraph A. Since this date was before the effective date of the statute of limitations, he had until April 24, 1997, within which to either file a federal habeas petition or to properly file a state action that stayed the limitation period. *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Here, Cole did neither. This petition, signed on August 6, 2007, is untimely because the time for filing a federal habeas petition challenging this conviction expired more than a decade ago.

>   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4, Rules Governing Section 2254 Cases.

For the foregoing reasons, the habeas corpus petition (DE 1) is **DENIED** as untimely.

SO ORDERED on September 24, 2007.

                                                   s/ Theresa L. Springmann
                                                   THERESA L. SPRINGMANN
                                                   UNITED STATES DISTRICT COURT